

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 04 C 5978 |
| ) | |
| -vs- ) | JUDGE GEORGE W. LINDBERG |
| ) | |
| ALFRED MELTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant, Alfred Melton, was convicted of bank robbery and sentenced to 210 months in prison. He has filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct his sentence. In his motion, defendant makes three claims of ineffective assistance of counsel and one claim of error in applying the sentencing guidelines.

Defendant's claims of ineffective assistance of counsel are evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1994). Under this standard, it is defendant's burden to show "that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. To accomplish this, defendant must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Courts "indulge a strong presumption that counsel's conduct, [and tactical decisions], fall within the wide range of reasonable professional assistance." *Id.* at 689. "Second, the defendant must show

1

that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. Defendant must prove both elements of the *Strickland* standard, otherwise "it cannot be said that the conviction resulted from a breakdown in the adversary process." *Id.*

Defendant's first claim for attorney ineffectiveness is that his trial attorney and his appellate attorney failed to raise the issue of whether the government had proven every element of the offense. Defendant argues that the government did not establish that the victimized bank was federally insured at the time of the bank robbery. He further states that even though a stipulation exists – expressly stating that the bank was federally insured – the government never entered the stipulation into evidence. It is defendant's contention that because the stipulation was never entered into evidence, the government did not establish every element of the crime, and therefore, his conviction cannot be upheld.

The government argues that it entered the stipulation into evidence, which the record clearly supports. The government read the stipulation into the record which was recognized by the court and defendant's attorney. Thus, this argument fails.

Defendant also argues that he did not consent for his attorney to stipulate with the government. He further alleges that he did not "knowingly and intentionally waive his right to stipulate," and that the trial judge failed to verify that the stipulation was voluntary.

These issues were not raised on direct appeal, and were mentioned for the first time in defendant's 2255 motion. Generally, the Supreme Court has held that "claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, the Supreme Court has

2

recognized an exception in that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under §2255, whether or not the [defendant] could have raised the claim on direct appeal." *Id.*

First, there is no need for defendant to consent for his attorney to stipulate with another party because an attorney's tactical decisions are presumptively reasonable. Moreover, "Illinois, courts look favorably upon stipulations which promote disposition of cases and simplification of issues," *Fitzpatrick v. Human Rights Commission*, 642 N.E.2d 486, 490 (Ill. App. 1994), so "stipulations by parties or their attorneys will be enforced unless there is a proper showing the stipulation is unreasonable, violative of public policy, or the result of fraud." *Id.* at 490. Here, the stipulation simplified trial of the federally insured element of bank robbery – which the government would have otherwise proven by submitting the bank's FDIC certificate – and defendant presents no evidence that the stipulation was not reasonable. So, this argument fails because "even absent express authority, a client is bound by a stipulation made by [his] attorney where the client fails to seasonably apply for relief from the stipulation." *Id.*

Next, a stipulation is nothing more than an "agreement between the parties." *U.S. v. Three Winchester 30-30*, 504 F.2d 1288 (7th Cir. 1974). Defendant's cited authority is inapposite because none of the cases refer to a right to stipulate. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), *Faretta v. California*, 422 U.S. 806, 835 (1975), *and U.S. v. Sandles*, 23 F.3d 1121 (7th Cir. 1994) ("fundamental right to counsel"). Thus, defendant's argument to the contrary notwithstanding, defendant has no constitutional right to stipulate.

Finally, there is no need for a trial judge to verify defendant's voluntary consent to an attorney's stipulation. The trial court has discretion to determine the validity and reasonableness

3

of a stipulation to prevent a "manifest injustice". *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1205-1206 (7th Cir. 1989); *See also Cates v. Morgan Portable Building Corp.*, 780 F.2d 686, 690-691 (7th Cir. 1985). Here, the trial court did not exercise its discretion to review the validity of the stipulation, and absent any evidence of unreasonableness, review of the stipulation is unnecessary.

Defendant's second claim of attorney ineffectiveness is that his trial attorney did not move to introduce an entire police report when the government introduced a portion of it. Defendant also claims that the Fifth Amendment leads to the inevitable conclusion that he must be permitted to prove an alibi other than by his own testimony.

Defendant's argument is based on Federal Rule of Evidence, Rule 106, or the "rule of completeness". The rule states: "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

A portion of a police report was introduced by the government to show defendant's self-incriminating statement, however defendant wants to introduce the entire report to support an alibi defense. The portion of defendant's statement that was introduced stated that although the person in the bank's surveillance-camera photograph "looked just like him", it was not him, but his "twin," because "everybody has a twin out there." Because this was admitted defendant alleges attorney error because he wanted the rest of the report admitted because it contains his alibi. Defendant's alibi was that he was not at or near the bank at the time of the robbery, but was at his girlfriend's residence selling heroin all day.

4

The 7th Circuit holds that "portions of the statement that the proponent seeks to admit must, of course, be relevant to an issue in the case." *U.S. v. Haddad*, 10 F.3d 1252 (7th Cir. 1993). Here, the portion of the police report the government introduced was admitted only to show defendant's admission that the photos looked like him. The issue of the similarities between defendant and a photograph and the issue of defendant's whereabouts on the day of the bank robbery are unrelated. Therefore, because these issues are unrelated, the rest of the report was not admissible under the "rule of completeness".

Defendant also argues that the Fifth Amendment inevitably leads to the conclusion that defendant may prove an alibi other than by his own testimony. However, defendant cites no relevant authority to support his argument that his own unsworn, out-of-court statement that is otherwise inadmissible must be admitted to prove his alibi. Both *U.S. v. Curry*, 681 F.2d 406, 416, n. 25 (5th Cir. 1982), and *U.S. v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995), are cases about a defendant's good faith belief in his or her actions, which is completely irrelevant in this case.

Defendant's third claim of attorney ineffectiveness is that his attorney did not object to witnesses' in-court identifications that were based on an unnecessarily suggestive out-of-court lineup conducted by the Chicago Police Department. Also, defendant argues that his second attorney was ineffective for failing to renew a motion to quash his arrest and suppress evidence that his first attorney had made.

Defendant argues that trial witnesses based their in-court identification testimony on unnecessarily suggestive physical variations in an out-of-court physical lineup. Specifically, defendant argues that his physical characteristics were so different from the rest of the lineup's participants that he was set apart and was easily identifiable. Defendant claims the other lineup

5

participants' faces were not as skinny as his, and that he was the only participant with a dark black bold number on his back and the only participant holding a blue hooded sweatshirt in his hand.

The 7th Circuit uses a two-part test to determine the suggestiveness of challenged identification testimony, as explained in *Kubat v. Thieret*, 867 F.2d 351, 357 (7th Cir. 1989):

> The defendant must establish that the identification procedure was unnecessarily suggestive. If the defendant meets this burden, the court considers whether the identification, viewed under the totality of the circumstances, is reliable despite the suggestive procedure. In determining reliability, the factors to considered [are]: (1) [the] opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

In applying the two-part test, the 7th Circuit holds that the physical features of participants used in a lineup need only be "within a reasonable range of similarity to each other in order for the lineup not to be unreasonably suggestive." *U.S. v. Curry*, 187 F.3d 762, 768-769 (7th Cir. 1999). The 7th Circuit also holds that authorities are not required to "search for identical twins" to exactly match the physical characteristics for a lineup. *U.S. v. Traeger*, 2002 WL 922127 (7th Cir. 2002). Here, the police officer who conducted the lineup testified that all of the lineup participants were gathered from the police lockup and that all participants resembled the defendant in height, weight, age and race. The officer also testified that defendant was permitted to choose his own position in the lineup and that the participants were instructed to add or remove clothing so that all participants would "appear as similar as possible".

Defendant has provided no evidence that the physical variations were unreasonable. He

claims only that the thickness of the other participants' faces distinguished him, however, this is not enough. The police made every reasonable effort to conduct a lineup with similar participants, in that all lineup participants resembled each other in height, weight, age and race. Also, despite defendant's contention that he was distinguishable because of the black bold number on his shirt and that he was holding a hooded sweatshirt, the police made every reasonable attempt for similarity between the participants by having the participants alter their outfits. Accordingly, it is unnecessary to address the second part of the test.

Next, defendant claims that his second trial attorney failed to renew a motion that originated with his first attorney. Defendant's first trial attorney filed a motion to quash defendant's arrest and to suppress evidence which was denied by this court before trial. Defendant's first attorney appealed this court's denial of the motion, but the trial court's ruling was affirmed. Defendant argues that when the second attorney was appointed – after the motion was denied and affirmed on appeal – he was ineffective when he did not renew the same motion to quash defendant's arrest and to suppress evidence. As stated in *Strickland*, an attorney's decisions are presumed reasonable, however, even without this presumption, it is a reasonable decision for an attorney not to re-raise a motion the court has denied and after the denial has been affirmed on appeal. For this reason, defendant's argument fails.

Also, defendant argues that the in-court identification was impermissibly suggestive because the jury would know he was the defendant because he was a black male, sitting at the defense table next to his attorney, a white male. However, the 7th Circuit holds that if the defendant's only claim against an alleged suggestive identification is that he is "seated at the defense table while an in-court identification is made, then this circumstance alone is not enough

to establish a violation of due process." *Rodriguez v. Peters*, 63 F.3d 546, 556 (7th Cir. 1995). *See U.S. ex rel. Haywood v. O'Leary*, 827 F.2d 52, 59 (7th Cir. 1987) ("the fact that the defendant, the only black man in the court room, was seated at the defense table was not a violation of due process because there was sufficient indicia that the identification was reliable").

Defendant's argument fails because he does not produce evidence – other than the fact that he was a black man that sat at the defense table next a white man – that the in-court identification was unnecessarily suggestive.

Defendant's last argument is that the trial court erred in computing his sentence by including certain sentence enhancements. He also argues that his attorney was ineffective for failing to object to the courts use of such enhancements.

At sentencing, defendant was sentenced under the then-mandatory, now-advisory, United States Sentencing Guidelines (U.S.S.G.). Under these guidelines, a sentencing court determines an offender's offense level and criminal history. Points are assessed for offense level and criminal history and a suggested sentencing range is found in a table at the intersection of these two point values. Defendant argues that the court erred in using "loss to a financial institution" and "use of a death threat" as enhancements in computing his sentence, and that the facts used to determine these enhancements should have been submitted to the jury.

However, the court did not use any enhancements in sentencing the defendant because as the record indicates, this court – affirmed by the 7th Circuit – sentenced defendant as a "career offender" under U.S.S.G. §4B1.1. Under this section, a career offender's offense level is determined using the "statutory maximum" of defendant's crime, which, for bank robbery is 240 months, or 20 years under 18 U.S.C. §2113(1). Under §4B1.1(b), the career offender status

categorizes a crime with a statutory maximum of "20 years or more, but less than 25 years" with an offense level of 32. Also, under subsection (b), "a career offender's criminal history category in every case under this subsection shall be Category VI." So, under the U.S.S.G., the suggested sentence range for a defendant with an offense level of 32 and a Criminal History Category VI designation is 210-262 months. Defendant was sentenced to 210 months and this judge would not have imposed any lesser sentence knowing that the U.S.S.G. are advisory. *See U.S. v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

Defendant also argues that the court erred in not submitting the issue of his career offender status to the jury. Under §4B1.1(a) a defendant is a career offender if he was at least 18 when he committed the instant crime, if the instant offense is a crime of violence or controlled substance, and defendant has at least two prior felony convictions for either a crime of violence or controlled substance.

Here, defendant was over 18 when he robbed the bank, and the U.S.S.G. holds that robbery is a crime of violence, leaving defendant's prior convictions as the sole issue, which defendant argues should be submitted to the jury. However, the Supreme Court holds that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by the a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *U.S. v. Booker*, 125 S.Ct.738, 757 (2005). Therefore, the court did not err in prohibiting jury consideration of defendant's prior convictions because the Supreme Court does not require that this issue be submitted to the jury.

ORDERED: Defendant, Alfred Melton's §2255 motion [1] is denied.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: JUL 2 5 2005